IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sharmaine L. Henry, | Civil Action No.: 2:12-565-RMG-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Clarendon County Department of Social Services, | |
| Defendant. | |

On or about February 28, 2012, Plaintiff brought the instant employment discrimination action against Defendant Clarendon County Department of Social Services. (See Dkt. No. 1.) Although Plaintiff was originally represented by counsel, on October 25, 2012, the undersigned granted counsel's Motion to Withdraw as Attorney. (Dkt. No. 31.) Plaintiff is now proceeding *pro se*.

On January 23, 2013, Defendant filed a Motion to Dismiss, seeking dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 41.) In that motion, Defendant states that defense counsel noticed Plaintiff's deposition for December 11, 2012, and again for January 15, 2013, in Sumter South Carolina, but Plaintiff failed to appear on either occasion. (Dkt. No. 41 at 2.)

By order of this court filed January 24, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if she failed to respond adequately. (Dkt. No. 43.) Plaintiff failed to respond to the Motion to Dismiss.

On February 5, 2013, the undersigned issued an Order granting, in part, and denying, in part, Plaintiff's Motion for Protective Order and denying Defendant's Motion for Release of Medical and Mental Health Records. (Dkt. No. 47.) That Order stated, *inter alia*, "[T]he plaintiff must file a response to the defendant's request to admit, within ten (10) days of this Order, in accord with the Court's instructions above." (Dkt. No. 47 at 3 of 3.)

On February 19, 2013, Defendant filed a second Motion to Dismiss, pursuant to Rule 37. (Dkt. No. 52.) In that motion, Defendant contends that Plaintiff failed to comply with the Court's Order, dated February 5, 2013, in that "Plaintiff has not provided discovery responses to these Requests for Admission, nor has she otherwise communicated her intent to provide discovery responses." (Dkt. No. 52 at 2 of 3.) Defense counsel further states that "Plaintiff has not communicated with counsel for DSS since the Court granted the . . . Motion to be relieved as Counsel." (Id.)

Plaintiff has failed to comply with the undersigned's Order, dated February 5, 2013. (Dkt. No. 47.) The undersigned further notes that Plaintiff failed to comply with the undersigned's Order, dated October 25, 2012. (Dkt. No. 31.) That order stated, *inter alia*, "Plaintiff Sharmaine L. Henry has thirty (30) days from the date of this Order to retain new counsel or to indicate her intention to proceed pro se, that is to say that she will represent herself in this matter." (Dkt. No. 31.) Plaintiff has filed nothing since she began proceeding *pro se*. In spite of the explanation set forth in the *Roseboro* order, Plaintiff did not respond to Defendant's first Motion to Dismiss. (Dkt. No. 41; see also Dkt. No. 43.)

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                           s/Bruce Howe Hendricks
                                           United States Magistrate Judge

March 7, 2013
Charleston, South Carolina